THE PEOPLE *ex rel.* TWENTY-THIRD STREET RAILWAY COMPANY, Respondent, *v.* ROLLIN M. SQUIRE, Commissioner of Public Works of the City of New York, Appellant.

*Court of Appeals, October* 16, 1888.

*Appeal. Mandamus.*—Where a writ of mandamus has been fully executed, and the officer to whom it was directed has gone out of office, the court of appeals will, without considering the merits, affirm the judgment without costs.

Appeal from an order of the general term of the superior court of the city of New York, affirming an order of the special term directing the issue of a writ of mandamus.

*D. J. Dean,* for appellant.

*Leslie W. Russel,* for respondent.

PER CURIAM.—The defendant was commanded to execute and deliver to the relator, a permit for the removal of the pavement for the purpose of laying and constructing cer-

tain connections for the road of the relator, at the intersection of Broadway and Bleecker streets, and some other places. This has been done, and the relator has availed itself of the permit and laid its rails, and made its connections as desired. The defendant having given the permit as commanded, appealed to the general term from the order granting the writ, which court has affirmed the order, and from such order of affirmance the defendant has appealed here.

Since the permit was granted, it is undisputed that the defendant has gone out of office. The city of New York is not a party to the litigation, and is not bound by any judgment theretofore entered in this proceeding. The counsel for the defendant desires on this appeal to review the right of the relator to the writ of *mandamus* which has heretofore been granted, and fully executed, and he desires to show that the courts below were in error, and that the writ should not have been granted. He bases such claim upon the ground that certain statutes which might, perhaps, have given the right to relator to the permit from defendant, have been repealed.

Without considering or deciding such questions, we think the order appealed from should be affirmed, because there is no question of practical importance to be decided under it.

If the city desire to raise the question of the right of relator to occupy the streets, nothing in this litigation restrains it therefrom, and the decision of the question here would not bind the city. We think, therefore, it is not of any practical importance, and the appeal should not be heard or decided upon the merits.

No question is raised as to the costs in the court below, and we take no notice of it here.

The order is, therefore, affirmed, without costs.

All concur.